DICKINSON, Presiding Justice,
specially concurring:
¶29. During the penalty phase of a death-penalty case, the jury makes its decision by considering evidence the trial judge allows it to hear. And when, as in this case, the jury imposes the death penalty after considering evidence this Court later determines to have been inadmissible, all agree this was error. We must then determine whether the trial court’s decision to allow the jury to hear inadmissible evidence was — beyond a reasonable doubt — harmless error.
¶ 30. I agree that some minor point of evidence, improperly admitted, may be harmless. But the error of allowing a jury to hear evidence of a statutory aggravating factor can never be harmless beyond a reasonable doubt, which is the required standard.[40]
¶ 31. While I do not question the sincerity of those who hold a different view, I simply do not agree with them. Our Founders placed a special significance on the role of the jury. It is up to the *270 Legislature, within constitutional limitations, to decide whether Mississippi shall have a death penalty and what conduct may justify its imposition. But it is the jury’s prerogative, not ours, to impose it— or not.
¶ 32. At the time of Gillett’s trial and conviction, there were eight — and only eight — aggravating factors that could lead to the death penalty.[41] Then, as it is now, the Legislature required proof of at least one of those eight factors.[42] And when a jury imposes a sentence of death, it is our duty to decide whether the trial court erroneously allowed the State to introduce evidence of one or more of those eight aggravating factors that the jury should not have considered in making its decision. When we find that the jury did consider an inadmissible aggravating factor, we must — in my view — reverse and remand for a new sentencing trial.
¶ 33. When a jury weighs aggravating and mitigating evidence, it is neither a mathematical exercise nor a legal calculation. -Jurors who have attended the trial, heard the witnesses, and seen the evidence, must apply their combined sense of fairness, the need for mercy, and their sense of the law; and they must filter it all through their sense of justice. It is true that the United States Supreme Court has held that the United States Constitution does not prohibit state courts from reweighing the evidence in death-penalty cases.[43] But that holding does not pretend to establish this Court’s responsibilities under state law.
¶ 34. Those who believe we may and should reweigh the aggravating factors seek refuge in Section 99-19-105,[44] a statute I believe to be unconstitutional. Deciding a case on appeal is purely a judicial function. So, in my view, the Legislature unconstitutionally trespassed on judicial territory when it passed Section 99-19-105, a procedural statute that, among other things: (1) sets the- formatting for pleadings to be filed, (2) sets a timetable for the circuit clerks, (3) sets the briefing schedules for the lawyers, and (4) sets the procedure for service of the pleadings and briefs on counsel.
¶ 35. But the particular constitutional problem with the statute as applied to today’s case is that it directs what this Court “shall consider,” and what we “shall include” in our opinions, and it purports to grant us “authority” to “reweigh” evidence and decide the case as if we were a jury, rather than a Court. We are an appellate court with appellate jurisdiction,[45] not a trial court. We have no jurisdiction to decide a defendant’s guilt or punishment.
¶ 36. My firm belief — sincerely held — is that Section 99-19-105 violates the separation of powers established in Section 2 of our Constitution, which — in the strongest possible terms — prohibits one branch of government from exercising powers granted to one of the other branches.[46] I would just as strongly oppose any effort by this *271 Court to dictate to the Legislature what it must consider in passing statutes.
KITCHENS, KING AND COLEMAN, JJ., JOIN THIS OPINION IN PART.

. See Stringer v. Black, 503 U.S. 222, 232, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992).

. See Miss.Code Ann. § 99-19-101(5) (Rev. 2007). The Legislature has recently added two additional aggravating factors, though not applicable in this case. See Miss.Code Ann. § 99-19-101(5) (Supp.2013).

. See Miss.Code Ann. § 99-19-101(3).

. See Clemons v. Mississippi, 494 U.S. 738, 754, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).

. See Miss Code Ann. § 99-19-105 (Rev. 2007).

. Miss. Const, art. 6, § 146.

. Miss. Const, art. 1 § 2.